Next case up is Pompee v. Secretary Professor Hashimoto, if you've got an introduction to make, we're ready to hear it. I do, Your Honor. Thank you. Erica Hashimoto from the Georgetown Law Center Appellate Litigation Program. I am court-appointed counsel for Mr. Pompee, and with the court's permission, third-year law student Nicole Pacheco will be arguing the case for Mr. Pompee. Permission granted. Thank you. Ms. Pacheco. Good morning, Your Honors, and may it please the court. This court should find that counsel was ineffective for failing to request a competency hearing the morning Mr. Pompee entered his plea. On March 11, 2013, the undisputed facts demonstrate that this case was set for— I thought the issue was whether he was ineffective for failing to bring to the court's attention evidence justifying a competency hearing. The issues are—those two issues are very related, Your Honor. The claim that the court granted a certificate of appealability on is the failure to request the competency hearing, but that does take into account information that the trial counsel had. Because there's no point in requesting one unless you have some evidence that you need to bring to the court's attention. Precisely, Your Honor. However, the Supreme Court in this court has also recognized that in addition to bringing forth additional evidence to the trial court, counsel also has an obligation to essentially bring competency issues into focus for the trial court, which would similarly look like bringing forth the competency issue and requesting. But this is not one of those cases where the court didn't think there was a competency issue. The court was aware of all the evidence that counsel was aware of, was it not? That's correct, Your Honor. At least the court had all of the evidence that counsel had. However— So it's not a failure of counsel to bring to the court's attention evidence? It is a failure of counsel not to bring the issues into focus and to request the hearing. I know, but evidence itself, counsel had nothing to bring that the court did not know. Counsel did have at least an independent obligation that the court did not— I'm not talking about obligation. Tell me a piece of evidence that counsel had bearing on competency that the court was not aware of. Your Honor, Dr. Marvin, the final competency evaluator of Mr. Pompey, noted that there was a drastic medication change in his— Did he use the word drastic? No, Your Honor. Okay. It was just a change in medication. It's worth noting, Your Honor, that Mr. Pompey had been on either the same or generic versions of the same psychotropic medications since— I thought that was in his report and went to the court. Your Honor, the record is entirely unclear as to whether the court had the opportunity to review and whether counsel had— The court clearly had all the competency hearings. I mean, that was front and center for the court. You're not doubting, you're not saying that the court didn't have all those competency hearings, and the only medication information was derivable from those competency hearings,  Yes, Your Honor. I apologize. Not the competency hearings throughout the proceedings, just Dr. Marvin's report. The minutes note that the report was filed in open court that morning. That March 7th, 2013 report, is that the report we're talking about that was issued just four days before the plea was entered? Yes, Your Honor. In that report, Marvin finds that Pompey was competent to stand trial and was, quote, to avoid the potential repercussions of his behavior. Yes, Your Honor. Marvin himself says four days before, he's competent and he's malingering, basically. That's true, Your Honor. Based upon that and the fact that he was examined by at least seven different doctors on eight occasions, and at the end of the day, even the ones who had originally said he was incompetent turn around and say he's competent, what possible reason was there to believe that if the trial lawyer had said, we need more, we need different, we need a new shrink, we need another hearing, that that would have prevailed? Your Honor, there is a reasonable probability that would have prevailed because had counsel brought her reasonable worry about her client's competence to the court, the court would not have had discretion as to whether to hold a hearing because the Supreme Court's decision in Pate would have required a hearing with bona fide. The court had no discretion anyhow. The Supreme Court has said that if there's evidence of potential incompetence, the court must conduct a review. It seems to me that the court has got a mandatory obligation to do it if there's evidence to support it and the court had all the evidence that the trial counsel had. I'm not quite sure what the trial counsel would have added if the trial counsel stepped up and said, Your Honor, I'm worried about competence here. Your Honor, the trial counsel would have added two factors to the inquiry. The first is that the request in and of itself is often a heavy factor in favor of granting the hearing. It is. If counsel can say, I'm making this request because I've got a personal relationship with this defendant and I've seen him act erratically in my private communications, that might be new information, but that wasn't offered here. That's true, Your Honor. Again, I have two points in response to that. The first is that counsel, not the court, had an independent obligation to look at Dr. Pompe's medication was wholesale changed. His previous psychotropic... But of course, that wasn't enough to yield a different conclusion from Marvin. Notwithstanding making the observation that you point out, Dr. Marvin still says he's competent and he's malingering. That's his conclusion. Yes, Your Honor, but... So what is the lawyer supposed to say? Well, it's true that Marvin says that he's competent and that he's malingering, but he also recognizes the change in drugs and therefore we think what? That he should get a new shrink or a new hearing? Just the hearing that was scheduled that morning, Your Honor. In the court... So who are you going to call to say what that would have yielded a different result? Dr. Marvin, Your Honor. She could have been put on the stand and counsel could have cross-examined her as to why the medication was changed when presumably he had been found... Not presumably, Your Honor. He had been found competent on the previous consistent medication that was either the same or generic versions of... And she explains it to the court. This is why I think he's competent in spite of the fact, as I noted, his medication change. How does that help your client? That might have been enough, Your Honor. But that is precisely the constitutional guarantee that Mr. Pompeo was deprived in this case. You have a constitutional guarantee to cross-examine, to have an attorney who insists on cross-examining an expert witness who has an opinion contrary to your client. Calling that expert witness as the sole witness at a hearing to reiterate her opinion, which is contrary to your position that you're advocating at the hearing. Not that precisely, Your Honor. But Pate does require that there are adequate procedural safeguards in place to guard against the risk of an individual pleading guilty... Of course, in this case, the trial judge had put the whole case on hold for 18 months in order to determine competency and had him examined by seven separate qualified doctors on at least eight occasions. So one can hardly say that he was too quick on the trigger here. So one can understand why a lawyer might not have been disposed to make that argument again. You've got to show us that that was ineffective. That it fell beneath some standard of competence and that it likely was prejudicial. And it did fall below a reasonable standard, Your Honor, because not only does Mr. Pompeo have a cyclical and aggressive illness, which was demonstrated by the record with two incompetency adjudications by the court over the course of the proceedings, but he told the trial judge that he did not understand the proceedings. Cyclical means it comes and goes, doesn't it? Yes, Your Honor. The best way to find out is to have an evaluation close to the date of the plea hearing. Yes, Your Honor. In this case, it was four days before. Yes, Your Honor, however... Are you arguing for a right to have an evaluation on the morning before the plea hearing begins at 1230 that afternoon? Not all of the time, Your Honor, but when there are facts in the record and the defendant is... So you are arguing in this case that it was error for the district court not to have an evaluation that morning? Yes, Your Honor. It was error for counsel not to request the evaluation. You're not really . . . Excuse me. You're not arguing that the . . . I mean, you're legally not arguing that the district court erred because that's not available to you. So you're arguing only that it was error that the lawyer didn't bring up something that the court already knew. So we're not worrying about whether the district court erred because that's not being challenged. So we're kind of assuming the district court did not err, or at least no proof, and yet you haven't shown anything to differentiate the knowledge of the lawyer from the knowledge of the court. Your Honor, it is precisely that the lawyer had Dr. Marvin's report and had an independent obligation to look into it. Moreover, there is evidence throughout the record that Mr. Pompe and his counsel experienced a breakdown in their relationship. Well, can I ask this? Do you have any case that says that even though the judge and the lawyer may have the equal amount of information, there is a constitutional right of a defendant for that added weight, that added impotence, that added gravitas of a lawyer to specifically say to the judge, I asked for a competency hearing. It probably does add some gravitas. Do you have any case that says that the defendant has a constitutional right to that extra gravitas? Not to that extra gravitas, Your Honor. However, the defendant does have a constitutional right for his counsel to effectively represent him and bring competency issues to the court when they are an issue. When the lawyer has a reasonable doubt as to her client's competence based on the objective facts in the case, that lawyer does have an obligation to ask the court to halt proceedings. Competence is one of the only instances in the criminal process where all proceedings must halt until all doubts are dispelled. In this case, with Mr. Pompe telling the court that he did not understand, that his lawyer didn't want to talk to him, but he had additional questions, that his medication was affecting his ability to understand, that Dr. Marvin's report noted for the first time in these entire proceedings, his prior consistent psychotropics were entirely stopped, and a new psychotropic was prescribed that he had previously abused when he was a teenager, and with Mr. Pompe seemingly asking the court questions that his counsel should have answered before he entered the courtroom that morning. It was an effective assistance for his counsel not to stand up. Let me ask you a question. Did he ever raise a paid claim in the state court or the district court? No, Your Honor. He's raised ineffective assistance of counsel claims throughout, though his habeas petition does include some language about the trial court not holding the hearing that counsel should have requested. Thank you. You'll have your full three minutes if Mr. Weiss doesn't waive his argument. Thank you. Mr. Weiss, you're perfectly welcome to argue, but you're not required to do so. You can stand on your briefs if you wish. Well, I don't want to snatch defeat from the jaws of victory, as you pointed out, but I will take any questions at this point if the panel has any. I have none. Only the observation that sometimes less is more. Thank you. I would only make an observation that I thought that the Pellant's argument was well presented, and you ought to be commended. I thought it was well done. Mr. Pacheco, I've done it in moot courts. I've complained on occasion. I actually complained vocally after a moot court at Emory one time that the case was so one-sided that the argument that the team that the case favored didn't really have a chance to shine because you had to have some difficulties in order to shine. That hasn't been your problem today. I have to say I haven't been invited back to Emory since then, but you're always invited back. We appreciate your service here today. Thank you very much for it. Next case.